United States District Court
Southern District of Texas
**ENTERED**
July 13, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| **FRANCISCA ALEMAN-RAMIREZ** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:16-123 |
| § | Criminal No. 1:15-268-1 |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 9, 2016, Petitioner Francisca Aleman-Ramirez ("Aleman-Ramirez") filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Aleman-Ramirez's motion be **DENIED** because her petition is factually and legally meritless on its face.

### I. Procedural and Factual Background

On April 7, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Aleman-Ramirez for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). U.S. v. Francisca Aleman-Ramirez, Criminal No. 1:15-268-1, Dkt. No. 6 (hereinafter "CR").

#### A. Rearraignment

On June 17, 2015, Aleman-Ramirez appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 20. On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Aleman-Ramirez's guilty plea. Id.

**B. Sentencing**

In the final presentence report ("PSR"), Aleman-Ramirez was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 25, p. 6. Aleman-Ramirez was also assessed an additional 12 level enhancement, because – in 1990 – she had been convicted of the felony of smuggling undocumented aliens. Id.; See U.S.S.G. § 2L1.2(b)(1)(A)(vii). Aleman-Ramirez received a three-level reduction for acceptance of responsibility. Id. Thus, Aleman-Ramirez was assessed a total offense level of 17.

Regarding her criminal history, Aleman-Ramirez had 12 adult criminal convictions and was assessed nine criminal history points. CR Dkt. No. 25, pp. 7-12. Aleman-Ramirez was assessed an additional two criminal history points because she was on supervised release[1] at the time she committed the instant offense. This resulted in a criminal history category of V. Id., p. 12. Based on Aleman-Ramirez's offense level of 17 and criminal history category V, the presentence report identified a guideline sentencing range of 46 to 57 months of imprisonment. Id., p. 21.

On July 7, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Aleman-Ramirez's guilty plea. CR Dkt. No. 22. On December 2, 2015, the District Court sentenced Aleman-Ramirez to 46 months of imprisonment, 3 years of supervised release, and a $100 special assessment, which was remitted. CR Dkt. No. 33. The judgment was entered on December 9, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Aleman-Ramirez's deadline for filing a notice of appeal passed on December 23, 2015. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 9, 2016, Aleman-Ramirez timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her

---

[1] Aleman-Ramirez was on supervised release following a 2010 conviction for illegally re-entering the United States after having been deported. CR Dkt. No. 25, p. 12.

2

motion, Aleman-Ramirez asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Aleman-Ramirez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. The section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255

motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Aleman-Ramirez's claim, the Court is required to construe allegations by pro se litigants liberally to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Aleman-Ramirez's claim.

### A. Johnson is Inapplicable

Aleman-Ramirez asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-listed and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Aleman-Ramirez, none of it applies to her case.

4

Aleman-Ramirez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, she was convicted for violating 8 U.S.C. §§ 1326(a) and 1326(b)(1). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 25. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Aleman-Ramirez with a vehicle for relief.

### B. Gonzalez-Longoria Affords No Relief

Aleman-Ramirez makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue – in the context of an 8 U.S.C. § 1326 sentencing enhancement for a prior crime of violence – in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). There, the panel held the statutory definition of "crime of violence," in 18 U.S.C. § 16, is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Aleman-Ramirez may have found in that decision was short-lived; the panel opinion was withdrawn and Gonzalez-Longoria is pending consideration en banc.[2]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist.,

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3.  When a court decision is vacated, its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because Aleman-Ramirez's sentence was not enhanced for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 25, p. 6.  Instead, her sentence was enhanced as a result of her prior alien smuggling offense.  Accordingly, the analysis in Johnson and Gonzalez-Longoria are not applicable to Aleman-Ramirez's case.

An examination of Aleman-Ramirez's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), a twelve level enhancement was added to Aleman-Ramirez's sentence because she had a prior alien smuggling offense.  This conviction is defined by the statute, not by reference to a residual "crime of violence" provision.

Aleman-Ramirez's criminal history shows that she was previously convicted of transporting undocumented aliens in the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  An "alien smuggling offense" is defined in the Sentencing Guidelines by reference to how the term is used in 8 U.S.C. § 1101(a)(43)(N). See Commentary on U.S.S.G. § 2L1.2.  The term "alien smuggling" as used in 8 U.S.C. § 1101(a)(43)(N) specifically references any conviction under 8 U.S.C. § 1324(a)(1)(A).  As a result, the Sentencing Guidelines and the statute both define any conviction under 8 U.S.C. § 1324(a)(1)(A) as an "alien smuggling" offense for purposes of sentencing enhancements under U.S.S.G. § 2L1.2.

Moreover, the statutes in question – 8 U.S.C. § 1101(a)(43)(N) and 8 U.S.C. § 1324 (a)(1)(A) – do not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson or the panel decision in

6

Gonzalez-Longoria. See 8 U.S.C. § 1101(a)(43)(N); 8 U.S.C. § 1324(a)(1)(A).

Thus, Aleman-Ramirez's reliance on Johnson and its progeny is factually and legally misplaced. Accordingly, her claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Francisca Aleman-Ramirez's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Aleman-Ramirez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Aleman-Ramirez's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this

Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on July 13, 2016.

                                              Ronald G. Morgan
                                              United States Magistrate Judge